# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL ACCESS ASSOCIATION SUING ON BEHALF OF ROY DAVIS GASH, and ROY DAVIS GASH, an individual,<br><br>Plaintiffs,<br>vs.<br><br>PFS, LLC dba McDONALD'S; THE CASSU INVESTMENT GROUP, LTD; and DOES 1-10,<br><br>Defendants. | CASE NO. 07CV158 WQH (LSP)<br><br>ORDER DECLINING SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS |

HAYES, Judge:

Pending before the Court is Defendant PFS, LLC's motion to dismiss Plaintiff's state law claims. (Doc. # 12). On May 5, 2007, Defendant Cassu Investment Group Ltd. joined the motion. (Doc. # 15).

**PROCEDURAL BACKGROUND**

On January 25, 2007, Plaintiff filed the Complaint in this matter, asserting federal Americans with Disabilities Act (ADA) claims as well as California state law claims pursuant to the California Civil Code and the Unruh Act, against Defendants PFS, LLC dba McDonald's (PFS) and the Cassu Investment Group, Ltd. (Doc. # 1). After the Court granted several joint motions to extend the time for PFS to answer, PFS moved to dismiss Plaintiff's state law claims on April 11, 2007. (Doc. # 12). On April 16, 2007, Defendant Cassu Investment Group Ltd. answered the Complaint and asserted

affirmative defenses. (Doc. # 13). On May 5, 2007, Cassu Investment Group Ltd. joined PFS's motion to dismiss. (Doc. # 15).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff Roy Davis Gash suffers from numerous physical, neurological, cardiovascular, and musculoskeletal impairments which impair his ability to walk. *Complaint*, ¶¶ 12, 27. At times, Plaintiff's physical impairments necessitate his use of a wheelchair. *Compl.*, ¶¶ 12, 27.

In October of 2006, Plaintiff patronized Defendant PFS's McDonald's restaurant located at 6326 Mission Gorge Road, San Diego, CA. *Compl.*, ¶¶ 4, 13. During the visit, Plaintiff was unable to use or had difficulty using disabled parking spaces, curb ramps, exterior paths of travel, entrances, exits, and patio dining facilities at the restaurant. *Compl.*, ¶ 13. The access barriers which Plaintiff encountered at the restaurant denied Plaintiff full and equal access to Defendants' goods, services, facilities, and accommodations. *Compl.*, ¶ 26. Knowledge of the restaurant's access barriers deters Plaintiff from returning to the restaurant. *Compl.*, ¶ 19.

## STANDARD OF REVIEW

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims . . . ." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004). A district court may decline to exercise supplemental jurisdiction over a state law claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c); *see also Cross v. Pacific Coast Plaza Investments, L.P.*, No. 06 CV 2543 JM (RBB), 2007 WL 951772, *3 (S.D. Cal. Mar. 6, 2007). In deciding whether to exercise supplemental

jurisdiction, a court must consider the underlying objective of "most sensibly accommodating the values of economy, convenience, fairness, and comity." *Executive Software North America, Inc. v. USDC for the Cent. Dist. of Calif.*, 24 F.3d 1545, 1557 (9th Cir. 1994) (internal quotations omitted).

## DISCUSSION

Defendants argue that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims because the state law claims substantially predominate over the federal ADA claim and recent events render application and interpretation of the state law claims novel, complex, and unsettled. In support, Defendants cite the California Court of Appeal's decision in *Gunther v. Lin*, 144 Cal. App. 4th 223 (2006), and note that *Gunther* rejected the Court of Appeal for the Ninth Circuit's interpretation of state disability law in *Lentini v. Calif. Center for the Arts*, 370 F.3d 837, 840 (2004).

Plaintiff disagrees with Defendant's contention that the state law claims present novel or complex issues of state law, and contends that there are no compelling reasons for declining supplemental jurisdiction. Plaintiff further contends that it would be more convenient to litigate the state law claims in a single forum with the federal claim. Plaintiff asks the Court to exercise supplemental jurisdiction over the state law claims.

The Complaint includes one federal claim and two state law claims pursuant to the Unruh Act and the California Civil Code. The underlying factual allegations are the same for all of Plaintiff's claims, and therefore Plaintiff's state law claims share the requisite "common nucleus of operative facts" with the federal claim to allow this Court to exercise jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. *See Organization for the Advancement of Minorities with Disabilities v. Brick Oven Restaurant*, 406 F. Supp. 2d 1120, 1128 (S.D. Cal. 2005).

**I. The Unruh Act & California Civil Code § 52**

Whether the Unruh Act and CAL. CIV. CODE § 52 require proof of intentional discrimination to obtain statutory minimum damages is a question which has divided state and federal courts. The California Supreme Court first addressed the question in *Koire v. Metro Car Wash*, 40 Cal. 3d 24, 33 fn. 12 (1985), noting in a footnote that the Unruh Act did not require proof of discriminatory intent. However, six years later the issue squarely presented itself again in *Harris v. Capital Growth*

1   *Investors*, 52 Cal. 3d 1142, 172-73 (1991), where after reviewing the statute in detail, the California
2   Supreme Court held that "a plaintiff seeking to establish a case under the Unruh Act must plead and
3   prove intentional discrimination in public accommodations . . . ." While *Harris* resolved the issue for
4   a short time, the California State Legislature promptly amended CAL. CIV. CODE § 51 in 1992, and
5   added a provision which provides that a defendant violates the Unruh Act whenever it violates the
6   ADA. CAL. CIV. CODE § 51(f). The amendment raised the question whether CAL. CIV. CODE § 52's
7   damages provision, as read in conjunction with CAL. CIV. CODE § 51(f), still required proof of
8   intentional discrimination.

9   In 2004, the Court of Appeals for the Ninth Circuit found that the 1992 Unruh Act amendments
10  superseded *Harris*, and held that where a defendant violates the ADA, damages can be awarded under
11  the Unruh Act regardless of whether a Plaintiff can prove intentional discrimination. *Lentini v. Calif.*
12  *Center for the Arts*, 370 F.3d 837, 846-47 (9th Cir. 2004). In 2006, however, the California Court of
13  Appeal noted that *Harris* was still viable, rejected *Lentini* as an improper interpretation of California
14  law, and held that CAL. CIV. CODE § 52's damages provision required proof of intentional
15  discrimination. *Gunther*, 144 Cal. App. 4th at 252-57. Since *Gunther*, at least one federal court has
16  followed *Lentini* and disregarded *Gunther*, *see Wilson v. Haria and Gogri Corp.*, No. CIV.S-05-1239
17  LKK/DAD, 2007 WL 851744, *6-11 (E.D. Cal. Mar. 22, 2007), and other courts have noted the
18  unsettled nature of the Unruh Act's damages provision and declined to exercise supplemental
19  jurisdiction over state Unruh Act and DPA claims. *See e.g. Cross v. Pacific Coast Plaza Investments,*
20  *L.P.*, No. 06 CV 2543 JM (RBB), 2007 WL 951772, *4-5 (S.D. Cal. Mar. 6, 2007).

21  This Court concludes that Plaintiff's state law claims are more appropriately resolved by state
22  courts in light of *Gunther* and the current state of California state disability law. At this point in time,
23  the Unruh Act's remedial provisions present novel and complex matters of state law that are "better
24  left to the California courts" for interpretation and decision. *Cross*, No. 06 CV 2543 JM (RBB), 2007
25  WL 951772, *5 (S.D. Cal. Mar. 6, 2007); *citing Brick Oven Restaurant*, 406 F. Supp. 2d at 1130.
26  Furthermore, the Court concludes that interests of comity have become more compelling as courts
27  "struggle to resolve what is at the moment an irreconcilable tension between the ADA and the Unruh
28  Act." *Cross*, No. 06 CV 2543 JM (RBB), 2007 WL 951772, *5 (S.D. Cal. Mar. 6, 2007). Though the

1 Court has the power to retain jurisdiction over the state law claims, the Court concludes that, "on
2 balance . . . the novelty and complexity of the state law is such that comity supports the granting" of
3 the motion to dismiss the state law claims. *Cross*, No. 06 CV 2543 JM (RBB), 2007 WL 951772, *5-6
4 (S.D. Cal. Mar. 6, 2007).

5     Defendants' motion to dismiss (Docs. # 12, 15) Plaintiff's state law claims is granted without
6 prejudice to the Plaintiff refiling those claims in state court.

7     **IT IS SO ORDERED**.

8 DATED: June 4, 2007

*[signature: William Q. Hayes]*
**WILLIAM Q. HAYES**
United States District Judge